The State of Ohio, Appellee, *v.* Gibson, Appellant.

[Cite as State v. Gibson (1971), 31 Ohio App. 2d 155.]

(No. 3801—Decided December 29, 1971.)

156

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. James A. Wilson,* for appellee.

*Mr. Konrad Kuczak,* for appellant.

CRAWFORD, J. Defendant, appellant herein, was indicted under R. C. 2923.01 for having unlawfully carried concealed on or about his person a loaded .32 caliber colt automatic, serial No. 311203, capable of discharging a projectile. A jury trial was waived and he was tried by the court, who found him guilty and sentenced him accordingly.

He makes three assignments of error: (1) the overruling of his motion for a dismissal at the close of the state's evidence; (2) the finding of guilty, contrary to the weight of the evidence because of the failure of the state to prove him guilty beyond a reasonable doubt; and (3) the admission into evidence of a .32 caliber colt automatic, because it was taken in an illegal search and seizure.

According to the evidence, which consists only of the testimony of three police officers, the defendant, age eighteen, together with two juveniles, was apprehended on the date of the alleged offense in a white 1957 Chevrolet two-door station wagon. The apprehension was in response to a police dispatch to the effect that three subjects were seen removing wheels from a car and had fled in a white 1957 Chevrolet station wagon.

After hearing the dispatch, police officer G. E. Owens stopped such a vehicle with three subjects therein matching the descriptions which had been broadcast.

The three subjects got out of the Chevrolet as Owens was getting out of his police cruiser, and he immediately placed them under arrest. None of them returned to the Chevrolet.

Defendant had been driving. One of the others had been in the right front seat, and the third in the rear seat. When Owens came up to the Chevrolet, one of the three was about ten feet to the right of the vehicle, and a second

was to the rear. The defendant was stepping out of the driver's door on the left-hand side.

There were bucket seats in front with a console or glove compartment, also described as an arm rest, between the two front seats, and installed on the floor just above the transmission housing.

When Owens came up, defendant was within three or four feet of this console, and the driver's door was open. Seconds later another police crew arrived and took the three subjects in charge. Owens thereupon examined the Chevrolet. He found some chrome lug nuts on the floor of the Chevrolet; others had been found in defendant's pocket. The console was closed. Inside was the .32 caliber Colt automatic with seven cartridges in the clip. It was stipulated that it was capable of discharging a projectile.

The closed door on the top of the console concealed the weapon. This door was hinged on the right-hand side, opened by a push button on the left, or the driver's side, and operated by a spring latch. Owens had seen the defendant sitting in the driver's seat beside the console.

Defendant stated to the police the next day that the gun belonged to his father, and that he had placed it in the console on October 6th, the day before his arrest.

Defendant advances two principal arguments, one pertaining to the third assignment of error—that the gun was the product of an illegal search and seizure without a warrant.

The following cases, among others, demonstrate that there is no merit in this contention: *Carroll* v. *United States* (1925), 267 U. S. 132 and *Chambers* v. *Maroney* (1970), 399 U. S. 42.

In *Chambers*, the Court cites *Carroll* for the principle that automobiles may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or office.

In *Preston* v. *United States* (1964), 376 U. S. 364, it was held that a later search after an automobile had been towed to a garage was too remote in time and place to be treated as incidental to the arrest.

Later, in *Chambers,* at page 52, the Court was quite explicit in saying:

"On the facts before us, the blue station wagon could have been searched on the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search."

Accordingly, in the present case, we find the search lawful and the weapon admissible.

Defendant's other principal argument concerns the first two assignments of error, and is that the State failed to prove that the weapon was concealed while in the immediate presence and control of the defendant. The police officers testified that it was concealed only by the lid of the console. Defendant argues that the State did not show that the lid was down while the defendant was sitting beside it. There is actually no direct testimony that it was either open or closed. Defendant conjectures that it might have been open when defendant was in the car, but closed by one of the other passengers after defendant got out.

There is nothing in the evidence to suggest that this was the case, but defendant claims it casts doubt which prevents the State's proof of guilt from being beyond a reasonable doubt. Any such doubt would be nothing more than a mere possible or imaginary doubt such as is inherent in all human affairs, and courts have by immemorial unanimity instructed juries to disregard doubts unless they have some reasonable basis.

The trial court resorted to the doctrine of judicial notice in declaring that the lid to a console is usually closed. But had the case gone to a jury, no such doctrine would have been required or applicable. The jury would have been called upon simply to evaluate all the evidence according to their combined intelligence and in the light of their common experience. In so doing, and in banishing all merely possible or imaginary doubt, the jury could, and would, in all reasonable probability, have found that the closed console, when examined by the officer a few seconds after defendant stepped from the driver's seat, was just as he had left it. The court, sitting as a jury, was likewise

justified in so finding. The evidence adequately supports the verdict.

The judgment will be affirmed.

*Judgment affirmed.*

Sherer, P. J., and Kerns, J., concur.